**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **STEPHANIE L. WELDY** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. ______________** |
| **NUECES COUNTY, TEXAS;** | § | **JURY TRIAL** |
| **DONALD HATCH, *Individually*; and** | § | |
| **STEVE WALKER, *Individually*** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Plaintiff, Stephanie L. Weldy, filing this, her *Plaintiff's Original Complaint*, and bringing this action against Nueces County, Texas, Donald Hatch, *Individually*, and Steve Walker, *Individually*, as said Defendants, jointly and severally, have denied Plaintiff her rights as guaranteed by the Constitution and laws of the United States of America and the State of Texas.

**JURISDICTION AND VENUE**

1. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(3) (civil rights). This court also has supplemental jurisdiction pursuant to 28 U.S.C.S. § 1367 to hear the state claims that will be set forth in this complaint. Venue is proper in the Southern District of Texas, Corpus Christi Division, as this is the district where the claim arose in accordance to 29 U.S.C.§ 1391(b).

**PARTIES**

2. Plaintiff Stephanie L. Weldy (hereinafter "Plaintiff") is a resident of Corpus Christi, Nueces County, Texas.

3. Defendant Nueces County, Texas, (hereinafter "County"), is a political subdivision of the State of Texas and can be served with summons upon Nueces County Judge Lloyd Neal, 901

Leopard Street, Corpus Christi, Texas 78401.

4. Defendant Donald Hatch (hereinafter "Hatch") was, at all times material to this suit, an officer employed by the NUECES COUNTY SHERIFF'S DEPARTMENT. Each of the acts complained of herein arise from the conduct of Defendant while acting under color of state law, and was committed within the scope of his employment and authority with the NUECES COUNTY SHERIFF'S DEPARTMENT. Defendant may be served with summons at his place of employment, Defendant can be served with summons at the NUECES COUNTY SHERIFF'S DEPARTMENT, 901 Leopard St, Corpus Christi, Texas 78401.

5. Defendant Steve Walker (hereinafter "Walker") was, at all times material to this suit, an officer employed by the NUECES COUNTY SHERIFF'S DEPARTMENT. Each of the acts complained of herein arise from the conduct of Defendant while acting under color of state law, and was committed within the scope of his employment and authority with the NUECES COUNTY SHERIFF'S DEPARTMENT. Defendant may be served with summons at his place of employment, Defendant can be served with summons at the NUECES COUNTY SHERIFF'S DEPARTMENT, 901 Leopard St, Corpus Christi, Texas 78401.

## FACTS

6. Whenever, in this complaint it is alleged that any Defendant did any act, thing, and/or omission, it is meant that Defendant and/or Defendant's deputies, agents, servants, employees or representatives did such act, thing and/or omission and that at the time it was done with full authorization and/or ratification of Defendant or done in the normal and routine course and scope of employment of Defendant and/or Defendant's deputies, agents, servants, employees or representatives.

7. On or about December 8, 2008, Plaintiff's teenage daughter was detained and arrested for a traffic violation and outstanding warrant in Corpus Christi, Texas. After Plaintiff was notified of such by her son, Plaintiff and her son went to the scene of the arrest to retrieve her daughter's vehicle so as to avoid impoundment. Upon arrival at the scene, Plaintiff was contacted by Defendants Hatch and Walker, to whom she requested to speak to her daughter. Although Defendants Hatch and Walker initially refused to allow Plaintiff any contact with her daughter, they eventually acquiesced and allowed her to do so.

8. As Plaintiff spoke with her daughter, Defendant Hatch abruptly cut-off the conversation and slammed the door closed to the police cruiser where Plaintiff's daughter was being detained. Plaintiff then inquired about the keys to her daughter's vehicle so her son and her could remove it from the scene. This request seemed to enrage Defendant Hatch and he began yelling at Plaintiff, "I don't have to let you take the vehicle; I don't have to be nice; I can make you pay the fees for impounding this vehicle." Plaintiff again attempted to speak to her daughter and her conversation was once again cut-off by Defendant Hatch as he stepped between the two. As Plaintiff then prepared to leave the scene, and began walking towards her vehicle, Defendant Hatch sarcastically and laughingly stated to Plaintiff, "you have a good night." In response and in-kind, Plaintiff stated, "you have a good f&#*ing night too," and continued to walk back to her vehicle. Following Plaintiff's use of mere speech, Defendant Hatch stormed after Plaintiff, aggressively grabbed her from behind by the neck and slammed her onto the hood of a patrol car causing her head to strike the vehicle. As Plaintiff lay there in disbelief, Defendant Hatch again grabbed her by the neck and forcefully slammed her head against the vehicle causing Plaintiff to experience severe pain in her head.

9. Defendant Walker then ran over and violently twisted Plaintiff's arms behind her back and placed her in handcuffs. While Defendant Walker was forcibly subduing Plaintiff, Defendant Hatch then laid his entire body on top of Plaintiff and began to use his weight to forcibly and violently press Plaintiff onto the hood of the patrol car causing excruciating pain in her back. Once Defendants Hatch and Walker were done assaulting Plaintiff, they arrested her and charged her with disorderly conduct and resisting arrest. The disorderly conduct charge was dismissed and the Nueces County DA declined to pursue the charge of resisting arrest.

10. As a result of the individual Defendants' actions, Plaintiff sustained numerous injuries to her body, including, but not limited to, a concussion as a result of the repeated blows she received to the head and two bulging discs in her back.

11. Plaintiff is informed and believes, and thereupon alleges that in committing said acts and/or omissions, the individual Defendants were the agents and/or employees of Defendant County, and were acting within such agency and employment, as well as, under color of state law.

12. Moreover, the acts of the individual Defendants amount to an excessive and/or unnecessary use of force. Said excessive/unnecessary use of force is objectively unreasonable as no reasonable police officer and/or law enforcement officer given the same or similar circumstances would have initiated such a brutal and life threatening attack on any person in the position of Plaintiff, who was in custody and/or control of law enforcement for no lawful reason.

13. Furthermore, said excessive force committed against Plaintiff by Defendants Hatch and Walker was not performed in good faith to maintain or restore discipline, but was performed maliciously, intentionally, and sadistically for the very purpose of punishing and causing harm to Plaintiff.

14. At all pertinent times, Defendant County (by and though the Nueces County Sheriff's Department) authorized and ratified the wrongful and tortuous acts and/or omissions of its deputies/employees.

**FIRST CLAIM FOR RELIEF - - §1983**

15. The allegations contained in Paragraphs 6 through 14 are herein incorporated by reference, the same as if fully set forth verbatim for any and all purposes of this pleading.

16. **Section 1983.** The Civil Rights Act of 1871 (Ku Klux Klan Act), now codified as 42 U.S.C.S. § 1983 as federal law provides: "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory of the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C.S. § 1983.

17. The state action requirement for standing under 42 U.S.C.S. § 1983 has more commonly been referred to as "color of state law," from the statute itself. Plaintiff is informed and believes, and thereupon alleges that in committing said acts and/or omissions, each Defendant was the agent and employee of each other Defendant and was acting within such agency and employment and that each Defendant was acting under color of state law.

18. 42 U.S.C.S. § 1983 requires that the conduct complained of must have deprived the person of some privilege or immunity secured by the Constitution or laws of the United States. As such, Plaintiff alleges that Defendants, jointly and/or severally deprived her of her Fourth Amendment rights and those rights, privileges, and immunities secured by the Fourth and Fifth Amendments to

the Constitution incorporated and applied to the states through the Fourteenth Amendment. Defendants violated this provision by the following actions, *inter alia*, and/or omissions:

a) by using excessive force in the course of Defendants' custody of Plaintiff, in violation of the Fourth Amendment and its "reasonableness" standard. Plaintiff therefore pleads that he was unlawfully beaten. Said actions resulted directly and only from the use of force that was clearly excessive to the need, and the excessiveness of which was objectively unreasonable and/or in retaliation for use of First Amendment speech;

b) by attempting to detain Plaintiff in violation of her Fourth Amendment expectation of privacy and guarantee to security from unreasonable search and seizure without reasonable suspicion and/or probable cause and/or in retaliation for use of First Amendment speech;

c) by falsely and maliciously charging Plaintiff with the commission of crimes without probable cause to believe that such crimes had occurred and on the sole basis of hatred and/or anger and/or in retaliation for use of First Amendment speech; and

d) by failing to intervene, where such intervention would have prevented the violations and/or injuries of Plaintiff.

19. **<u>§ 1983 - Excessive Force</u>**. Plaintiff pleads that Defendants used excessive force and/or deadly force in the course of the deputies/employees' supposed arrest, and/or investigatory stop, and/or other "seizure" of free citizens, such as Plaintiff, in violation of the Fourth Amendment and its "reasonableness" standard. Plaintiff therefore pleads that he was unlawfully assaulted, and physically beaten by Defendants Hatch and Walker. Said actions resulted directly and only from the use of force that was clearly excessive to the need, and the excessiveness of which was objectively unreasonable.

20. Such actions and/or omissions are "objectively unreasonable" in light of the facts and circumstances confronting Plaintiff without regard to her underlying intent or motivation. Clearly, careful attention to the facts and circumstances of this particular case demonstrates the

unreasonableness of said actions. For these reasons, it is objectively unreasonable for Defendants Hatch and Walker to beat Plaintiff.

21. **§ 1983 - Seizure**. Furthermore, when persons, such as Plaintiff, are seized and are not "suspects" and have committed no crime, but are forced to undergo police escalation and brutality of the situation, the importance of the governmental interests alleged to justify the conduct is necessarily diminished. As such, the actions and/or omissions of Defendants Hatch and Walker cannot be justified under the circumstances of the instant case.

22. Likewise, Defendants are liable if they conduct the seizure in an abusive manner even if they have the lawful authority to conduct the seizure. Plaintiff, in this situation, is protected by the Fourth Amendment to the United States Constitution and Article I, Sec. 9 of the Texas Constitution. The right to security in person and property protected by the Fourth Amendment may be invaded in quite different ways by searches and seizures. A search comprises the individual interest in privacy; a seizure deprives the individual of dominion over his or her person or property. In this instance, the seizure of Plaintiff ran afoul of the Fourth Amendment because it was conducted in an unnecessarily cruel, painful, and/or dangerous manner. Indeed, Plaintiff was severely beaten by Defendants Hatch and Walker without probable cause and/or sufficient justification and/or in retaliation for use of First Amendment speech.

23. **§ 1983 - Municipal liability.** It is also well-established that counties are liable under 42 U.S.C.S. § 1983 for constitutional torts that are in compliance with the county's customs, practices, policies or procedures. A county is liable for constitutional deprivations visited pursuant to governmental custom even though such custom has not received formal approval through the body's official decision making channels. In this case, Defendant County is liable because it sanctioned the

custom, practice and/or policy or procedure of illegal seizures, excessive force and/or violating their rights to be free of unwanton seizure. Defendants Hatch and Walker's actions were a customary practice and/or policy or procedure that was sanctioned by Defendant County out of which deprived Plaintiff of her civil rights by statute and by both the Texas and United States Constitutions. Liability for Defendant County is established under §1983 because the assault, beating, and severe injury to citizens, with little or no justification, is a persistent, widespread practice of county employees -- namely deputies/employees -- that, although not authorized by officially adopted policy, is so common and well settled as to constitute a custom that fairly represents official county policy. Defendant County's actual or constructive knowledge of this practice, custom, and/or policy or procedure and of numerous prior incidents of deputies/employees beating citizens establishes custom and accession to that custom by the their policy makers. Defendant County's unspoken policy of assaulting citizens and retaliating against citizens for mere expression of free speech is a decision that reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory rights will follow the decision. In the alternative, Defendant County is liable under §1983 for failure to adopt a policy precluding deputies/employees from beating citizens because such failure to adopt such a policy is one of intentional choice.

24. Moreover, Defendant County is liable for inadequate training of deputies/employees under §1983. Liability attaches to Defendant County because its failure to train amounts to deliberate indifference to the rights of the persons with whom these deputies/employess come in contact. In particular, Plaintiff alleges that the training program in relation to the tasks the particular officer must perform is inadequate in the respect that the program fails to teach new police persons that beating citizens and/or retaliating against citizens for mere speech violates citizens' constitutional rights.

As such, the deficiency in training actually caused Defendants Hatch and Walker to violate Plaintiff's constitutional rights.

25. **<u>§ 1983 - Qualified Good Faith Immunity</u>**. Qualified good faith immunity stands for the proposition that even though the civil rights of a complainant may have been violated, if the officer engaged in the conduct in good faith there is no liability for that individual. The standard by which an officer's entitlement to good faith qualified immunity is objective not subjective. Defendants Hatch and Walker's actions judged by such objective standard protects, "all but the plainly incompetent or those who knowingly violate the law." The determination of objective reasonableness must be based on a version of the facts most favorable to the Plaintiff. To the extent that credibility questions exist, a fact-finder continues to be necessary. In the instant case, Plaintiff alleges that Defendants Hatch and Walker are not entitled to claim "qualified good faith immunity." Importantly, Defendants Hatch and Walker never had a good faith belief in their conduct because they acted in a manner demonstrating that they were plainly incompetent and knowingly violated Plaintiff's civil rights. When the facts are taken in the light most favorable to the Plaintiff, it is clear that Plaintiff was merely exercising her First Amendment right when she was assaulted, harassed and/or arrested. Any reason given by Defendants Hatch and Walker for their unlawful actions and/or omissions does not warrant the application of qualified good faith immunity because they were never in danger nor were any other persons in the vicinity in danger of Plaintiff. Plaintiff has asserted violations of her constitutional rights to be free from unreasonable seizure and this right was clearly established at the time of Defendants Hatch and Walker's actions. Moreover, Defendants Hatch and Walker's actions were objectively unreasonable in the sense that they knew or reasonably should have known that the actions taken within their authority or responsibility would violate the

constitutional rights of Plaintiff.

26. **<u>§1983 - False Arrest and/or False Imprisonment</u>**. Plaintiff further alleges that Defendants, jointly and/or severally violated her Fourth Amendment rights when Defendants unreasonably falsely arrested and detained Plaintiff.

27. Plaintiff pleads a § 1983 claim for false arrest under the Fourth Amendment as Defendants arrested Plaintiff without probable cause. Defendants did not have probable cause to arrest because the facts and circumstances within their knowledge was not reasonably sufficient to warrant a prudent officer to believe that Plaintiff had committed or was committing an offense. On an objective basis, it is obvious that no reasonably competent officer would have concluded that the facts warranted Plaintiff's detention, much less her arrest.

28. **<u>§ 1983 - Malicious Prosecution</u>**. Plaintiff also pleads causes of action for malicious prosecution under §1983. Defendants Hatch and Walker, acting under color of state authority, maliciously charged Plaintiff with disorderly conduct and resisting arrest and tendered false information concerning said charges to the prosecutor which leads that person to believe that probable cause exists when there is none.

**<u>SECOND CLAIM FOR RELIEF - - Texas - - Intentional Infliction of Emotional Duress</u>**

29. The allegations set forth in Paragraphs 6 through 14 are herein incorporated by reference, the same as if fully set forth verbatim for any and all purposes of this pleading. Furthermore, the claims brought by Plaintiff under this section only apply to Defendants Hatch and Walker. Any reference to "Defendants" in this section only applies to the aforementioned Defendants Hatch and Walker and does not include Defendant County.

30. As a pendent state cause of action, at all times material and relevant herein, Defendants Hatch and Walker, by acts and/or omissions and under color of state law, intentionally and/or recklessly inflicted emotional duress upon Plaintiff, thereby he claims the tort of intentional infliction of emotional distress. Plaintiff alleges that the Defendants Hatch and Walker, acted intentionally and/or recklessly when beating her and further alleges that such conduct was extreme and outrageous. The actions of Defendants hatch and Walker caused Plaintiff to suffer emotional distress; and the emotional distress suffered by her was so severe that it required treatment -- no reasonable persons should be expected to endure such.

**THIRD CLAIM FOR RELIEF - - Texas - - False Arrest and False Imprisonment**

31. The allegations set forth in Paragraphs 6 through 14 are herein incorporated by reference, the same as if fully set forth verbatim for any and all purposes of this pleading. Furthermore, the claims brought by Plaintiff under this section only apply to Defendants Hatch and Walker. Any reference to "Defendants" in this section only applies to Defendants Hatch and Walker and does not include Defendant County.

32. As a pendent state cause of action, at all times material and relevant herein, Defendants Hatch and Walker, by acts and/or omissions and under color of state law, willfully detained Plaintiff without the consent of her and without authority of law. Plaintiff pleads false arrest and false imprisonment as Defendants hatch and Walker had the intent to confine her, and carried out the intent by putting her in a position so that she could not move, let alone leave. Said confinement resulted in harmful detention, without consent, and without authority of law.

**FOURTH CLAIM FOR RELIEF - - Texas - - Assault & Battery**

33. The allegations set forth in Paragraphs 6 through 14 are herein incorporated by reference,

the same as if fully set forth verbatim for any and all purposes of this pleading. Furthermore, the claims brought by Plaintiff under this section only apply to Defendants Hatch and Walker. Any reference to "Defendants" in this section only applies to Defendants hatch and Walker and does not include Defendant County.

34. As a pendent state cause of action, at all times material and relevant herein, Defendants Hatch and Walker, by acts and/or omissions and under color of state law did then and there by acts and/or omissions, intentionally, knowingly and/or recklessly caused severe personal injury to Plaintiff through uncontested physical contact with Plaintiff.

35. Under Texas law, the cause of action for excessive force is simply one for assault and battery. Consequently, Plaintiff alleges that Defendants Hatch and Walker committed an assault upon her when they intentionally, knowingly, and/or recklessly struck Plaintiff. At no time did Plaintiff consent. Said assaultive conduct of Defendants Hatch and Walker was committed intentionally, knowingly, and/or recklessly and was the proximate cause of bodily and emotional injuries to Plaintiff. Said injuries were the direct and immediate consequence of Defendants Hatch and Walker wrongful act and a natural and direct result of the assault.

36. At no time were Defendants Hatch and Walker privileged to take the action as force was not necessary. Moreover, Defendants Hatch and Walker assault and battery of Plaintiff was not objectively reasonable when balancing the amount of force used against the need for the force.

**DAMAGES**

37. As a result of the foregoing unlawful and wrongful acts of Defendants, jointly and severally, Plaintiff has been caused to suffer general damages which include but are not limited to the following: both physical and emotional injury, including but not limited to - - pain and suffering,

emotional and mental distress, and personal humiliation and shock, along with severe emotional distress.

38. Said injuries have caused Plaintiff to incur special damages which include but are not limited to: past medical expenses, lost income and the occurrence of attorneys' fees associated with criminal charges.

39. Pursuant to the Civil Rights Attorney's Fees Award Act, 42 U.S.C.S. § 1988, a prevailing party in a § 1983 case is entitled to recover her attorney's fees. Hence, Plaintiff further prays for all costs and attorney fees associated with bringing the present case to trial.

40. In addition, Plaintiff prays for punitive damages against all individual Defendants. Punitive damages are designed to punish and deter persons such as Defendants who have engaged in egregious wrongdoing. Punitive damages may be assessed under § 1983 when a Defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally-protected rights of others. While municipal defendants are absolutely immune from § 1983 awards of punitive damages, such damages may be awarded against a public employee or official in their individual capacity. Therefore, Plaintiff alleges and pray for punitive damages against all individual Defendants, as such individual Defendants actually knew that their conduct was unconstitutional, and/or was callously indifferent to its legality.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays that upon trial of the merits, he recover compensatory damages against Defendants, jointly and severally; that Plaintiff also recover punitive damages against Defendant Rhodes in an amount to punish and/or deter and to make an example of those Defendant Rhodes in order to prevent similar future conduct; and, that Plaintiff recover against each Defendant all reasonable and necessary attorney's fees, court costs and expenses

in regards to the present suit in litigation. Moreover, Plaintiff prays for all pre-judgement and post judgement interest that can be assessed against the Defendants in the event of recovery; and that Plaintiff recovers against each Defendant any and all other general or specific relief to which he may prove herself justly entitled.

Respectfully submitted,

*Law Offices of*
GALE, WILSON, & SANCHEZ, PLLC
115 E. Travis, 19th Floor
San Antonio, Texas 78205
Telephone: (210)222-8899
Telecopier: (210)222-9526
E-mail: cjgale@gws-law.com

By: /s/ Christopher J. Gale
Christopher J. Gale
Southern District Bar No. 27257
Texas Bar No. 00793766
*Attorney-in-Charge for Plaintiff*

**Demand for Jury Trial**

Plaintiff, Stephanie L. Weldy, hereby demands trial by jury pursuant to FED. R. CIV. P. 8(b).